[L. A. No. 24332.   In Bank.   Sept. 12, 1958.]

WYOMING PACIFIC OIL COMPANY (a Corporation), Appellant, v. EDWARD J. PRESTON et al., Defendants; GEORGE B. BUSH, Respondent.

Henry C. Clausen and Richard G. Burns for Appellant.

No appearance for Respondent.

SPENCE, J.—Plaintiff appeals from two orders: (1) the order dismissing its action as to defendant Bush; and (2) the subsequent order denying its motion to vacate the dismissal. It contends that the dismissal was improper because of a prior binding adjudication that defendant Bush was concealing himself to avoid service of summons during the final days of the three-year period provided for such service (Code Civ. Proc., § 581a) and because thereafter Bush was served within a reasonable time, that is one week, following the expiration of said three-year period. We have concluded that plaintiff's contention must be sustained.

Plaintiff filed its action against several defendants on December 15, 1952, and summons was issued on that date. The first defendant was served in February, 1955. During the next several months plaintiff was engaged in making a change of counsel, and nothing further was done in completing the service of process. On December 1, 1955, new counsel advised plaintiff that the three-year period for service and return of the summons would soon expire, and thereafter feverish attempts were made to serve defendant Bush. According to the affidavits of several process servers, many visits were made to Bush's home and office between December 12 and December 15, but he could not be located. Upon the basis of these affidavits, plaintiff obtained on December 15, 1955, an order authorizing service by publication, premised on the finding that defendant Bush was concealing himself to avoid service. Continued efforts were made, however, to effect personal service on Bush through repeated visits to his home and office, and finally on December 22, 1955, he was personally served.

On December 28, Bush filed a notice of motion to quash service. The hearing was set for January 3, 1956, but plaintiff's counsel obtained a continuance to January 12 because of the holidays. The day before the hearing on his motion, Bush filed an "amended and supplemental notice of special appearance and motion to quash summons and service thereof together with motion to dismiss action" as to him for failure to serve and return the summons within the three-year limit provided in section 581a of the Code of Civil Procedure. Bush also filed an affidavit stating that he was readily accessible at

his home and office on the days immediately prior to December 15, 1955, and was not concealing himself in any way. The court granted his motion to dismiss and entered an order of dismissal. Thereafter plaintiff made a motion to vacate the dismissal, but its motion was denied.

Initially, we must consider the effect, in the proceedings to dismiss the action, of the prior order authorizing service on Bush by publication. Section 412 of the Code of Civil Procedure provides that "Where the person on whom service is to be made . . . can not, after due diligence, be found within the State; or conceals himself to avoid the service of summons; . . . and the fact appears by affidavit to the satisfaction of the court, or a judge thereof; . . . such court, or judge, may make an order that the service be made by the publication of the summons." ■ In *Rue* v. *Quinn*, 137 Cal. 651, it is said at pages 655-656 [66 P. 216, 70 P. 732] : "In making the order for the service by publication the judge *acts judicially upon the evidence* which the code requires to be presented to him for that purpose, and can act upon no other evidence than such as is prescribed by the code. . . . [His] *decision . . . is to be regarded with the same effect as is his decision upon any other matter of fact submitted to his judicial determination."* (Emphasis added.) ■ Here the order expressly recites that "upon reading and filing the affidavits [of five named persons] and it satisfactorily appearing therefrom to me that the Defendant George B. Bush . . . conceals himself to avoid service of the Summons. . . ." It thus appears that at the time of making the order for publication, the court was satisfied, and therefore found, that defendant Bush was concealing himself to avoid service.

■ It is settled law in California that "a valid order made *ex parte* may be vacated only after a showing of cause for the making of the latter order, that is, that in the making of the original order there was (1) inadvertence, (2) mistake, or (3) fraud." (*Sheldon* v. *Superior Court*, 42 Cal.App.2d 406, 408 [108 P.2d 945].) Such order may not be set aside simply because "the court concludes differently than it has upon its first decision." (*Klokke Inv. Co.* v. *Superior Court*, 39 Cal.App. 717, 720 [179 P. 728] ; see also *Wiggin* v. *Superior Court*, 68 Cal. 398, 402 [9 P. 646] ; *Sullivan* v. *Superior Court*, 185 Cal. 133, 139 [195 P. 1061].) ■ Here there has been no showing that the judge who made the order for publication of summons against Bush acted inadvertently or through mistake, or that he was imposed upon. Bush has

never directly challenged the finding of concealment as contained in the order; he has never moved to set the order aside; and the order, being fully supported by the affidavits furnished by plaintiff prior to its making, stands as a binding adjudication. (See *Matchett* v. *Ryerson*, 156 Cal.App.2d 52, 54-55 [318 P.2d 792].) Although the record does not reflect the trial court's reasoning in granting Bush's motion to dismiss, that court could not have proceeded, in the light of the prior binding adjudication, upon the theory that Bush had not in fact concealed himself to avoid service. The question is therefore presented of whether the trial court properly dismissed the action under section 581a of the Code of Civil Procedure when personal service upon Bush was actually accomplished within a relatively few days following the making of the prior order.

■ Section 581a of the Code of Civil Procedure imposes upon the court the duty to dismiss an action where the summons has not been served and returned within three years after commencement of the action, *except* that no dismissal can be granted where the failure to serve the defendant occurs ''during his absence from the State, or while he has secreted himself within the State to prevent the service of summons on him.'' This is a rule ''designed to encourage promptness in prosecution of actions.'' (*Gonsalves* v. *Bank of America,* 16 Cal.2d 169, 172 [105 P.2d 118].) By its enactment, the trial court's inherent discretionary power to dismiss for lack of diligent prosecution (*Ordway* v. *Arata,* 150 Cal.App.2d 71, 74 [309 P.2d 919]; *Lieb* v. *Lager,* 9 Cal.App.2d 324, 326 [49 P.2d 886]) was modified by a mandatory provision for dismissal, which provision was qualified, however, by certain exceptions.

■ Similar both in general purpose and language are the provisions of section 583 of the Code of Civil Procedure requiring the dismissal of actions not brought to trial within five years after being filed. Despite the apparently mandatory language of that section, this court has found many ''implied exceptions'' where it was ''impracticable and futile'' to bring the action to trial within the designated five-year period. (*Rose* v. *Knapp,* 38 Cal.2d 114, 117 [237 P.2d 981], with cases cited.) Thus, discretion has entered into the application of this provision so as to prevent it from being used to compel the dismissal of actions where the plaintiff has not had a reasonable opportunity to proceed to trial. (See *Ojeda* v. *Municipal Court,* 73 Cal.App.2d 226, 232 [166 P.2d 49].)

■ We are therefore of the view that notwithstanding

the mandatory language of section 581a, the trial court is vested with discretion in applying the exceptions comparable to the discretion with which it is vested in applying the exceptions to section 583. As with the exercise of the court's other inherent and statutory powers to dismiss actions for want of diligence in either serving the summons or bringing the action to trial, the discretion permitted must be ''exercised in accordance with the spirit of the law and with a view of subserving, rather than defeating, the ends of substantial justice.'' (16 Cal.Jur.2d, Dismissal, Discontinuance, and Nonsuit, § 30, p. 179.) Each case must be decided on its own particular facts, and no fixed rule can be prescribed to guide the court in its exercise of this discretionary power under all circumstances.

█ Here it appears that defendant Bush was finally served on December 22, 1955, only one week after the expiration of the three-year period provided for service by section 581a. During the last few days of that period, Bush had been found by the trial court to have been concealing himself to avoid service, and consequently on December 15 it had ordered service by publication of summons. It was only through repeated efforts during the following week that personal service on Bush was finally accomplished on December 22. Thus, it is clear that Bush was served within a reasonable period after the time that the trial court had found that he had been concealing himself to avoid service. We therefore conclude that the trial court's dismissal of this action as to defendant Bush constituted an abuse of discretion under the circumstances, since plaintiff was thereby denied a reasonable opportunity to effect service of process following the judicial determination that Bush had been concealing himself.

The above conclusion makes it unnecessary to discuss other points raised by the parties.

The orders are reversed.

Gibson, C. J., Shenk, J., Carter, J., Traynor, J., Schauer, J., and McComb, J., concurred.