[Civ. No. 8458.    Fourth Dist., Div. One.    Mar. 30, 1967.]

MORA E. PICKETT et al., Plaintiffs and Respondents, v. THE MUNICIPAL COURT OF SAN DIEGO JU-DICIAL DISTRICT et al., Defendants and Appellants.

Bertram McLees, Jr., County Counsel, Duane J. Carnes and Lloyd M. Harmon, Jr., Deputy County Counsel, for Defendants and Appellants.

Hoy, Adams & Muhleman and Richard E. Adams, for Plaintiffs and Respondents.

BROWN (Gerald), P. J.—The Municipal Court, San Diego Judicial District, and one of its judges appeal from a superior court judgment ordering them, by writ of mandate, to permit Mora E. Pickett and duly licensed bail agents employed by her to make motions authorized by Penal Code, section 1305.

Plaintiff Mora E. Pickett, owner of a San Diego bail bond agency and attorney-in-fact for plaintiff United Bonding Insurance Company, posted United Bonding bail bonds for Patrick O. Saylor and Dan F. Farmer. Saylor and Farmer failed to appear in court as required. The municipal court ordered their bail forfeited. Within 10 days after each forfeiture, Pickett filed declarations of noncollusion stating Saylor failed to appear because on active duty, on operations at sea, aboard the U.S.S. Iwo Jima; Farmer failed to appear because on active duty, on operations at sea, aboard the U.S.S. Boyd DD-544; and in both instances, the failure to appear was without the connivance or collusion of the bondsman. Two of Pickett's employees then appeared in court with Saylor and Farmer in their custody, stating they wished to surrender the defendants and move to set aside the bail forfeiture and to reinstate bail. The municipal court refused to allow them to make the motions, and refused to set aside the bail forfeiture. The superior court issued a writ of mandate directing the municipal court to hear the motions.

Penal Code, section 1305, first authorizes the forfeiture of bail upon a defendant's failure to appear, and, then details the events upon which the forfeiture must and may be set aside. The court *must* discharge the forfeiture if ". . . the defendant and his bail appear, and satisfactorily excuse the defendant's neglect or show to the satisfaction of the court that the absence of the defendant was not with the connivance of the bail. . . ." This language ought to have controlled the proceedings in the municipal court. Why Pickett did not use this portion of section 1305 does not appear. Pickett relies solely on that portion of Penal Code, section 1305, providing if the bail appears with the defendant in his custody, ". . . the bail may surrender the defendant to the court, may make a motion to set aside the forfeiture, and may request the court not to reinstate the bail."

846

■ The issue on appeal is: Should the municipal court have allowed Pickett's employees to make the motions? No.

Pickett's employees, not appearing as parties in propria persona nor as licensed attorneys-at-law, had no standing to make the motions. (*People* ex rel. *Dept. of Public Works* v. *Malone*, 232 Cal.App.2d 531 [42 Cal.Rptr. 888]; see *Campbell* v. *Jewish Committee for Personal Service*, 125 Cal.App.2d 771 [271 P.2d 185].) Pickett herself did not appear in the municipal court and, therefore, cannot claim any error regarding her own right, if any, to appear there in propria persona.

■ The corporation, United Bonding Insurance Company, of course, can appear in court only through licensed counsel, and not through an attorney-in-fact. (*Himmel* v. *City Council*, 169 Cal.App.2d 97 [336 P.2d 996]; *Paradise* v. *Nowlin*, 86 Cal.App.2d 897 [195 P.2d 867].)

Judgment reversed.

Coughlin, J., and Whelan, J., concurred.