[Civ. No. 33208. Second Dist., Div. Three. Oct. 29, 1968.]

ROBERT J. FLAMER, Petitioner, v. THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent; OLIVIA FLORES, Real Party in Interest.

---

O'Gara & Brissenden, Robert J. Brissenden and Herbert A. Holmes, Jr., for Petitioner.

No appearance for Respondent.

Jackson & Balowitz and Marvin Balowitz for Real Party in Interest.

MOSS, J.—Petitioner seeks a writ of mandate to require the

respondent superior court to dismiss an action against petitioner on the ground that no return of the summons with proof of service was made within the three-year period specified in section 581a of the Code of Civil Procedure.[1]

In that action, Olivia Flores (real party in interest herein) as plaintiff sued Robert J. Flamer and Flamer Medical Group, a partnership (petitioner herein),[2] as defendants for damages for medical malpractice. The complaint was filed and summons issued on February 15, 1965. The summons was served on February 23, 1965, but no return of the summons with proof of service was ever filed. On March 5, 1968, the defendants filed their notice of motion for an order dismissing the action on the ground that return of service of summons had not been made within three years from the commencement of the action as required by section 581a of the Code of Civil Procedure. Respondent court denied this motion, whereupon petitioner commenced this proceeding.

Petitioner contends that section 581a is mandatory and jurisdictional and that the court had no power except to grant the defendants' motion to dismiss. Plaintiff as real party in interest contends that the trial court had discretion to deny the motion to dismiss on two grounds: (1) because of the suspension and later disbarment of her attorney it was impossible or impracticable for her to make return of service within three years, and (2) defendants were estopped to assert that the three-year period had expired at the time they moved to dismiss.

---

[1]Section 581a provides in part that no action ''shall be further prosecuted, and no further proceedings shall be had therein, and all actions heretofore and hereafter commenced must be dismissed by the court in which the same shall have been commenced, on its own motion, or on the motion of any party interested therein . . . *unless the summons shall be served and return thereon made within three years after the commencement of said action,* except where the parties have filed a stipulation in writing that the time may be extended. But all such actions may be prosecuted, if general appearance has been made by the defendant or defendants, within said three years in the same manner as if summons had been issued and served; provided that . . . no dismissal shall be had under this section as to any defendant because of the failure to serve summons on him during his absence from the State, or while he has secreted himself within the State to prevent the service of summons on him.'' (Italics added.)

All statutory references in this opinion are to the Code of Civil Procedure unless otherwise stated.

[2]The petition was filed by ''Robert J. Flamer, dba Flamer Medical Group.'' The motion to dismiss in the superior court was made by both Robert J. Flamer and Flamer Medical Group as the named defendants. Since our disposition of the case affects both of the named defendants in the same way, we treat the petition as having been filed by both defendants.

The parties asserted the same contentions before the trial court. The trial court denied the motion but not because it agreed with plaintiff. The court expressly refused to decide whether the allegations in plaintiff's declarations filed in opposition to the motion supported her contentions. The court's stated reason for denying the motion was to enable the parties to obtain appellate review of their respective contentions immediately through a petition for writ of mandate in this court to compel dismissal, rather than later through an appeal from an order dismissing the action. The court's disposition of the motion was incorrect from the standpoint of both sides. If the court deemed petitioner to be correct on the law, it should have granted the motion to dismiss; if it deemed plaintiff to be correct on the law, it should not have refused to rule upon the sufficiency of the excuses alleged in plaintiff's declarations. Therefore, a writ of mandate must issue. If petitioner is correct in his contentions, we must direct the respondent court to dismiss the action; if plaintiff is correct in her contentions, we must direct the court to conduct further proceedings to determine whether she has brought her case within a judicially recognized exception to section 581a.

In her declaration filed in opposition to the motion to dismiss plaintiff alleges: When her complaint was filed on February 15, 1965, she was represented by Leon L. Flam, then a member of the State Bar of California. Flam was suspended from the practice of law in California from February 19 to August 19, 1966, and was disbarred effective August 4, 1967. In plaintiff's conversations with Flam in 1965 and 1966, Flam had advised her that the case was on the calendar for trial and that he was attempting to settle the case with defendants' insurance company. In 1967, she and her husband made numerous attempts to contact Flam by telephone, but could not reach him. Plaintiff first learned of Flam's disbarment in November 1967, when she was so advised by Grady T. Dyer, a representative and general agent of defendants' insurer. Plaintiff's declaration then states: ''Mr. Dyer told me that if I was interested in talking about the settlement of the case, he would be interested in talking to me to see if we could reach a settlement. During this conversation he gave me his card and told me to discuss settlement with my husband and that he would contact me, and Mr. Dyer advised me not to contact an attorney as 99% of all mal-practice suits are lost and I would be better off without an attorney and to make a settlement

with him. That as a result of my conversation with Mr. Dyer and the representations made to me I believed a settlement could be reached and relying on this conversation, I did not retain an attorney to represent me and I waited for Mr. Dyer to contact me so I could discuss settlement of the matter with him. On February 9, 1968, I received a letter from GRADY T. DYER, a copy of which is attached hereto and incorporated herein as though set forth at length, and at that time I decided to retain an attorney." The text of Mr. Dyer's letter is as follows: "In November of last year, I came to the door and talked briefly with Olivia concerning the whereabouts of your attorney, Mr. Leon Flam. We have tried, in vain, to find him and I am writing to inquire as to whether or not you have heard from him regarding your case pending against Doctor Flamer. I would like to discuss the merits of the case with Mr. Flam, but, until I find him, of course, that is impossible. If you do not know his whereabouts, perhaps we could sit down together and go over the case and see if there is some possibility of disposing of it. If you wish, you may call me at the above number. In the event I do not happen to be in when you call, leave word with my answering service where you can be contacted. Thank you for your cooperation."

Section 581a is part of a statutory scheme whose purpose is to compel reasonable diligence in the prosecution of an action after it has been commenced. (See generally Witkin, Cal. Procedure (1954 ed.), Proceedings Without Trial, §§ 27 et seq., pp. 1665 et seq.) Section 581a states in the first paragraph, relating to issuance, service and return of summons, that, subject to certain exceptions, no action "shall be further prosecuted, and no further proceedings shall be had therein" and all actions "must be dismissed" on motion of a party interested or on the court's own motion, "unless the summons shall be served and return thereon made within three years after the commencement of said action." Section 583 states that, with certain exceptions, an action "shall be dismissed . . . on motion of the defendant . . . or by the court upon its own motion, unless such action is brought to trial within five years after the plaintiff has filed his action."

The foregoing language of section 581a has been held to be both mandatory and jurisdictional so that in a case coming within its terms the court has no authority except to dismiss. (See *Dresser* v. *Superior Court*, 231 Cal.App.2d 68, 73 [41 Cal.Rptr. 473], and cases cited; Witkin, *supra*, Proceedings

Without Trial, § 29, pp. 1667-1668.) This construction was applied in three early cases to compel dismissal even though the delay in serving the summons was caused or requested by the defendant for his own benefit. (*Siskiyou County Bank* v. *Hoyt,* 132 Cal. 81 [64 P. 118] [defendants solicited delay, assured plaintiff that it could take judgment at any time]; *White* v. *Superior Court,* 126 Cal. 245 [58 P. 450] [failure to serve summons due to "wholly indefensible" conduct of the petitioner]; *Sauer* v. *Superior Court,* 74 Cal.App. 580 [241 P. 570] [oral stipulation for continuance with statement that defendants would not take advantage of the delay].)

On the other hand, the five year provision of section 583 has been held to be not jurisdictional in the sense that the lapse of the statutory period does not deprive the court of jurisdiction to try the case. (*Perry* v. *Magneson,* 207 Cal. 617, 620 [279 P. 650]; see *Woley* v. *Turkus,* 51 Cal.2d 402 [334 P.2d 12].) Witkin suggests that the latter decisions rest upon a slight difference in language of the dismissal statutes: (1) the jurisdictional language of the first part of section 581a on failure to serve or return summons: "No action . . . shall be further prosecuted, and no further proceedings shall be had therein"; (2) the merely mandatory language of section 583: any action "shall be dismissed" unless brought to trial within five years. (Witkin, *supra,* Proceedings Without Trial, § 40 pp. 1677-1678.)

We need not be concerned with the reasons for the distinction formerly drawn between the two sections because since *Wyoming Pacific Oil Co.* v. *Preston,* 50 Cal.2d 736 [329 P.2d 489], decided in 1958, section 581a can no longer be regarded as jurisdictional. In *Wyoming Pacific,* the Supreme Court stated that section 581a is similar both in general purpose and language to the provisions of section 583 requiring the dismissal of actions not brought to trial within five years after being filed and expressed the view "that notwithstanding the mandatory language of section 581a, the trial court is vested with discretion in applying the exceptions comparable to the discretion with which it is vested in applying the exceptions to section 583." (50 Cal.2d at pp. 740-741.) The court noted that despite "the apparently mandatory" language of section 583, "this court has found many 'implied exceptions' where it was 'impracticable and futile' to bring the action to trial within the designated five year period."[3]

[3]For example see *Kinard* v. *Jordan,* 175 Cal. 13, 16 [164 P. 894] [appeal from a judgment on the pleadings in the same action pending];

The same implied exceptions must now be held to apply also to section 581a.

In *Wyoming Pacific,* toward the end of the three-year period for return of service, the plaintiff attempted to serve the defendant. The defendant secreted himself and was not served until one week after expiration of the period. Section 581a states: ''. . . no dismissal shall be had under this section as to any defendant because of the failure to serve summons on him . . . while he has secreted himself within the State to prevent the service of summons on him.'' It has been suggested that the language in *Wyoming Pacific* equating sections 581a and 583 is dictum because the case actually fell within this express exception and, therefore, that it was not necessary to bring the case within an implied exception in order to reverse the order of dismissal. (*Dresser* v. *Superior Court, supra,* 231 Cal.App.2d 68, 75 (footnote 5); Witkin, *supra,* 1967 Supp., Proceedings Without Trial, § 29, p. 597.) Even if we were to regard the language of the Supreme Court as dictum, we would still regard it as compelling here because the basis for the distinction theretofore drawn between sections 581a and 583 was apparently only a slight difference in the wording of the two sections, whereas the reasons advanced by the Supreme Court for construing the two sections in the same way are persuasive. (See Witkin, *supra,* Appeal, § 226 p. 2442.)

*Christin* v. *Superior Court,* 9 Cal.2d 526, 533 [71 P.2d 205, 112 A.L.R. 1153] [appeal from order granting change of venue made it futile to proceed to trial in court to which action transferred]; *Westphal* v. *Westphal,* 61 Cal.App.2d 544, 550 [143 P.2d 405] [appeal by co-plaintiff following sustaining of demurrer tolled five-year statute because practically futile for remaining plaintiffs to obtain a separate trial]; *Rose* v. *Knapp,* 38 Cal.2d 114 [237 P.2d 981] [futile for plaintiff to proceed to trial in quiet title action pending appeal in separate action setting aside sale on which plaintiff's claim of title rested]; *Bosworth* v. *Superior Court,* 143 Cal.App.2d 775, 779 [300 P.2d 155] [suit by heirs to set aside transfer of property by decedent to defendants could not be usefully tried pending outcome of suit to determine validity of will]; *Reeves* v. *Hutson,* 144 Cal. App.2d 445, 453-454 [301 P.2d 264] [plaintiff obtained default judgment which was later set aside; intervening period deducted in computing five-year period]; *Woley* v. *Turkus, supra,* 51 Cal.2d 402, 407 [written stipulation extending trial date beyond five-year period held extended further by defendants' conduct thereafter in seeking to postpone trial date]; *General Motors Corp.* v. *Superior Court,* 65 Cal.2d 88, 96-98 [52 Cal.Rptr. 460, 416 P.2d 492] [personal injury action consolidated with related wrongful death action filed later; held impracticable to bring personal injury action to trial for at least two years following commencement of wrongful death action]; *Weeks* v. *Roberts,* 68 Cal.2d 802, 808 [69 Cal. Rptr. 305, 442 P.2d 361] [erroneous vacation of trial date set just before expiration of five-year period made trial literally impossible and tolled statute from date of vacation order until remittitur filed on appeal].

914

Neither the death of the plaintiff (*Andersen* v. *Superior Court,* 187 Cal. 95, 101 [200 P. 963]), the death of a defendant (*Smith* v. *Bear Valley Milling & Lumber Co.,* 26 Cal.2d 590, 602 [160 P.2d 1]) nor the death of both the plaintiff's and the defendant's attorney within the five-year period (*Larkin* v. *Superior Court,* 171 Cal. 719, 724 [154 P. 841, Ann.Cas. 1917D 670]) are circumstances which of themselves excuse a delay in bringing a case to trial within the five-year period. *A fortiori* the disbarment of plaintiff's attorney does not of itself excuse her failure to make return of service within the three-year period required by section 581a. (See *Hunt* v. *United Artists Studio Inc.,* 79 Cal.App.2d 619, 624 [180 P.2d 460].)[4]

We have concluded, however, that the statements of defendants' insurance agent to plaintiff in November 1967, to the effect that the case would be settled and that she should not contact an attorney, may require an extension of the three year period by operation of the doctrine of equitable estoppel and that the trial court erred in not deciding whether an estoppel was raised on the facts alleged.

As noted above, three early cases[5] held on facts to which the doctrine of equitable estoppel might have been applied that the misconduct of the defendants did not excuse the plaintiff's failure to serve and return summons within three years from the filing of the action. These cases may not preclude the application of the doctrine of estoppel in this case, however, because under *Wyoming Pacific* the discretion with which the court is vested under section 581a is now considered to be coextensive with its discretion under section 583. In *Wyoming Pacific* the court said, "As with the exercise of the court's other inherent and statutory powers to dismiss actions for want of diligence in either serving the summons or bringing the action to trial, the discretion permitted must be 'exercised in accordance with the spirit of the law and with a view of subserving, rather than defeating, the ends of substantial justice.' " (50 Cal.2d at p. 741.)

---

[4]Section 286 bars "further proceedings" against a party to an action whose attorney has been suspended unless the adverse party first gives written notice to appoint another attorney. Proceedings to dismiss an action for failure to prosecute are not "further proceedings" within the meaning of section 286. (*Larkin* v. *Superior Court, supra,* 171 Cal. 719, 724; *Hunt* v. *United Artists Studio Inc.,* 79 Cal.App.2d 619, 624.)

[5]*Siskiyou County Bank* v. *Hoyt, supra* (1901) 132 Cal. 81; *White* v. *Superior Court, supra* (1899) 126 Cal. 245; and *Sauer* v. *Superior Court, supra* (1925) 74 Cal.App. 580.)

"The equitable doctrine of estoppel *in pais* is applicable in a proper case to prevent a fraudulent or inequitable resort to the statute of limitations. A person by his conduct may be estopped to rely on the statute. . . . One cannot justly or equitably lull his adversary into a false sense of security and thereby cause him to subject his claim to the bar of the statute of limitations, and then be permitted to plead the very delay caused by his conduct as a defense to the action when brought." (*Regus* v. *Schartkoff*, 156 Cal.App.2d 382, 386 [319 P.2d 721] ; see Evid. Code, § 623.)

Acts or conduct which wrongfully induce a party not represented by counsel to believe that an amicable adjustment of his claim will be made may create an estoppel against pleading the statute of limitations. (*Miles* v. *Bank of America*, 17 Cal.App.2d 389, 398 [62 P.2d 177] ; *Lagomarsino* v. *San Jose etc. Title Ins. Co.*, 178 Cal.App.2d 455, 462 [3 Cal. Rptr. 80] ; *Industrial Indem. Co.* v. *Industrial Acc. Com.*, 115 Cal.App.2d 684, 690 [252 P.2d 649] ; see *Carruth* v. *Fritch*, 36 Cal.2d 426 [224 P.2d 702, 24 A.L.R.2d 1403] ; *Dettamanti* v. *Lompoc Union School Dist.*, 143 Cal.App.2d 715 [300 P.2d 78] ; compare *Kunstman* v. *Mirizzi*, 234 Cal.App.2d 753 [44 Cal.Rptr. 707] ; *Fleishbein* v. *Western Auto Supply Agency*, 19 Cal.App.2d 424 [65 P.2d 928] [no estoppel where plaintiff represented by counsel at time of alleged misrepresentation].)

Statutes of limitations and statutes such as sections 581a and 583, whose object is to compel reasonable diligence in the prosecution of an action after it has been commenced, serve analogous purposes. "Both types of statutes promote the trial of cases before evidence is lost, destroyed, or the memory of witnesses becomes dimmed. The statutes also protect defendants from being subjected to the annoyance of an unmeritorious action remaining undecided for an indefinite period of time." (*General Motors Corp.* v. *Superior Court, supra*, 65 Cal.2d 88, 91.)

Statutes of limitations and statutes requiring involuntary dismissal for lack of prosecution do differ in one respect: the latter statutes serve the additional purpose of clearing court dockets of stale cases. The inconvenience to the court in having to process old files cannot, however, justify a rejection of the doctrine of estoppel as a defense to a motion to dismiss under the involuntary dismissal statutes where the delay in prosecuting the action may have been caused by the fraud or other misconduct of the moving party. Logically, therefore, the reasons for holding a defendant estopped to assert the statute of

limitations as a defense also apply to estop a defendant from asserting sections 581a and 583 as a defense.

Several cases have impliedly recognized that estoppel may in an appropriate case operate to bar dismissal under section 583 by considering the argument and rejecting it on the facts. (*Wright* v. *Groom Trucking Co.*, 206 Cal.App.2d 485 [24 Cal. Rptr. 80] ; *Preiss* v. *Good Samaritan Hospital*, 171 Cal.App.2d 559 [340 P.2d 661] ; *Ruby* v. *Wellington*, 162 Cal.App.2d 132 [327 P.2d 586] ; see to the same effect *Hill* v. *Superior Court*, 251 Cal.App.2d 746, 750 [59 Cal.Rptr. 768] [decided under section 581a].) However, courts have frequently expressed the view that a claim of estoppel ''does not appear to be a proper ground for making an exception to Code of Civil Procedure, section 583.'' (*Bank of America* v. *Superior Court*, 84 Cal. App.2d 34, 37 [189 P.2d 799][6].) This view derives from *Miller & Lux, Inc.* v. *Superior Court*, 192 Cal. 333 [219 P. 1006], decided in 1923, in which defendants' counsel had induced the plaintiffs' counsel to allow the cases which were eventually dismissed to go off calendar pending trial of another case. In holding that the conduct of the defendants' counsel did not excuse the plaintiffs from bringing their cases to trial within five years the court gave its reasons : ''The language of the code section under consideration is simple and direct and expressly provides the means whereby litigants may extend the statutory period. It is argued by plaintiffs that despite the apparently plain import of the language used . . . nevertheless such time may be otherwise extended—that is to say, by words and conduct on the part of the defendants constituting a waiver of their right to dismiss. . . . The provision that a written stipulation be entered into was intended to preclude all disputes, with their attendant charges and countercharges of overreaching and unethical conduct, by a requirement that clear and uncontrovertible evidence be presented to the court that the statutory time was deliberately intended to be extended by both parties.'' (192 Cal. at pp. 339-340.) Later in *Christin* v. *Superior Court, supra,* 9 Cal.2d 526, 529-530, the court considered the contention made by the respondent

[6] (To the same effect are *Christin* v. *Superior Court, supra,* 9 Cal.2d 526, 529-530; *Berger* v. *McMahan*, 116 Cal.App.2d 328, 330 [253 P.2d 543]; *Breakstone* v. *Giannini*, 70 Cal.App.2d 224, 232 [160 P.2d 887]; *Bank of America* v. *Moore & Harrah*, 54 Cal.App.2d 37, 43 [128 P.2d 623]; *Elmhurst Packers* v. *Superior Court*, 46 Cal.App.2d 648, 650-651 [116 P.2d 437]; see also *Favretto* v. *Favretto*, 86 Cal.App.2d 299 [194 P.2d 748]; *Hunt* v. *United Artists Studio Inc., supra,* 79 Cal.App.2d 619.)

that the petitioners' "acts inducing the plaintiff to allow the cause to go off calendar pending negotiations for settlement, justifies the application of the doctrine of estoppel. . . . But estoppel resulting from *such conduct* does not appear to be a proper ground for creating an exception to the terms of the statute [section 583]. (See *Miller & Lux* v. *Superior Court.* . . .)" (Italics added.) In the cases that followed (see *Bank of America* v. *Superior Court, supra,* 84 Cal.App.2d 34, 37 and cases cited in footnote 6 above), similar conduct by defense counsel in his dealings with opposing counsel was rejected as grounds for a claim of estoppel.

A rule whose purpose is to prevent unseemly conflicts between counsel with respect to claimed oral stipulations and unethical conduct (*Miller & Lux, Inc.* v. *Superior Court, supra,* 192 Cal. 333, 340; *Preiss* v. *Good Samaritan Hospital, supra,* 171 Cal.App.2d 559, 565 [concurring opinion]) should not be applied to permit a defendant to take unfair advantage of an uninformed plaintiff who through no fault of his own finds himself deprived of counsel after commencement of the action. ▮ We hold, therefore, that neither the apparently mandatory language of sections 581a and 583 nor decisional law preclude the court from refusing to dismiss an action under those sections upon the ground of a claim of estoppel in an appropriate case.

▮ Plaintiff's declaration alleges that in November 1967 she was induced not to obtain another attorney by Mr. Dyer's representation that he would settle the case with her. She alleges that she did not decide to retain an attorney until she received Mr. Dyer's letter on February 9, 1968. The three year period in which plaintiff was required by section 581a to make return of service expired February 14, 1968. From plaintiff's declaration, it is inferable that from November 1967 until she received Mr. Dyer's letter on February 9, 1968 she justifiably relied upon Mr. Dyer's representation that the case would be settled and that she need not see an attorney and that Mr. Dyer's misconduct was the cause of her failure to file the return of service in time. The record discloses that the defendants requested and were denied permission by the trial court to file a declaration alleging a different version of the facts than that alleged in plaintiff's declarations. Upon a rehearing of the motion to dismiss both sides should be given a reasonable opportunity to develop the facts on the issue of estoppel.

We conclude, therefore, that if the plaintiff was induced by the defendants to refrain from seeing an attorney, under circumstances which justify the application of the doctrine of equitable estoppel, and the conduct of the defendants was the cause of plaintiff's delay in filing return of service, the period during which plaintiff was induced to delay should not be counted as part of the three-year period. For the guidance of the trial court we also note that the time occupied by the proceedings in this court commencing with the date of filing the petition for writ of mandate and ending with the date of issuance of the writ herein is to be omitted in computing the three-year period. (See *Fay* v. *Mundy*, 246 Cal.App.2d 231, 241 [54 Cal.Rptr. 591].)

Let a peremptory writ of mandate issue requiring the respondent court to conduct further proceedings in accordance with the views expressed herein.

Ford, P. J., and Cobey, J., concurred.