[Civ. No. 907. Fifth Dist. Mar. 18, 1969.]

VICTOR SMITH, Plaintiff and Appellant, v. FRED EVERETT HERZER, Defendant and Respondent.

*Assigned by the Chairman of the Judicial Council.

Elledge & Dunford and Robert R. Elledge for Plaintiff and Appellant.

Stammer, McKnight, Barnum, Bailey & Barnett and James K. Barnum for Defendant and Respondent.

CONLEY, P. J.—The plaintiff appeals from a judgment of dismissal entered by the trial judge on motion pursuant to section 581a of the Code of Civil Procedure; that section, on its face, requires the dismissal of an action in which the defendant is not served and the return of summons filed within three years from the commencement of an action unless plaintiff shows (1) that there was an agreement between the parties extending the said period, or (2) that the defendant was absent from the state during part of the time, with the total period of such absences added to the three-year period, or (3) that the defendant secreted himself within the state to avoid the service of summons, in which event such period is also added to the three-year time.

Appellant urges that the requirements of section 581a of the Code of Civil Procedure are not mandatory, and that the judge abused his discretion in the instant case by granting the motion to dismiss, contending that there are "numerous implied exceptions to this statutory requirement," one of which he urges as being "impracticability" or "futility," and claims that such "impracticability" or "futility" was present in this litigation.

The defendant was a doctor who formerly practiced in Modesto, and who was alleged to have infected the plaintiff with osteomyelitis. The difficulty in serving the doctor was noted initially when the original law firm representing the plaintiff sent its file to the substituted firm of Elledge and Dunford in

Modesto, and stated that Dr. Herzer had not been served as they did not know where to serve him. The defendant left Modesto in 1962 and for a time practiced in Southern California; his offices would not say where he was in 1963. Attorney Elledge was also the attorney for a plaintiff named Kaufman in another suit against the defendant doctor, entitled Kaufman v. Herzer; in connection with that litigation the attorney sent certain papers for service on defendant to a private investigator, who reported that Dr. Herzer's former receptionist said the doctor's mail was being sent to him through a third party, that he was not then practicing medicine, and that he could not be found in the Glendale area but was evidently in a hospital in the Sonora region, where he had a summer cottage.

In February 1964, plaintiff learned that the defendant was in the Stockton State Hospital and would remain there indefinitely; this information came from defense counsel, James Barnum. In the middle period of 1964, plaintiff learned at the Tuolumne County courthouse that defendant had been released from the state hospital. Summons and complaint were delivered to the offices of a process server, J. E. Furneaux, for service, but he reported that he could not find the doctor. Then, defense counsel, Barnum, informed plaintiff's attorney that the defendant was a psychiatric patient in the Langley-Porter Clinic in San Francisco and that plaintiff's attorney would be notified when he was released. Hearing nothing further, counsel attempted service at the clinic, but learned that the defendant had not been there for several months; appellant's attorney then wrote to Mr. Barnum for information; Mr. Barnum answered on December 31, 1964, that defendant was an outpatient of the University of California Medical Center but was capable of giving a deposition and participating in his defense in another pending case (Kaufman v. Herzer) and he would produce the doctor for a deposition. In February 1965, the defendant doctor was present in Modesto for the deposition in the case of Kaufman v. Herzer; he was examined by counsel for the plaintiff. This was unquestionably a perfect time in which to serve the defendant in the case of Smith v. Herzer; no adequate excuse is made for the failure to serve him at that time or, in fact, at any time during the three years while defendant was in an ascertainable institution at a known address. Counsel for plaintiff acknowledges that service could have been made in February 1965, but says that defendant's mental and emotional status appeared to

him to be such that service should not then be made. At the deposition in the Kaufman case, counsel for plaintiff asked defendant the place of his then current residence, and he replied that he was residing at Milberry Residence on Parnassus Street in San Francisco.

As late as 1967, plaintiff's counsel made a showing that he was still trying to serve defendant; in May of 1967, he attempted to obtain his address from defendant's attorneys; then, Mr. Barnum said he wished to think about the request; by letter of May 12, 1967, Mr. Barnum gave a residence address in Glendale, but when service was attempted there, a woman at that address refused to identify herself or to give any information about defendant.

Was the "impracticability" claimed by appellant's counsel such a circumstance as to excuse the failure to serve summons under section 581a of the Code of Civil Procedure? On its face, that section appears to be ironclad, except for the specific exceptions contained in the section. The adjudicated cases in the early days bear out this rigid interpretation, and it has been said, not only in decided cases but in apposite texts, that there is a mandatory duty to dismiss if service is not made and the return not filed, and that the requirement, except for the specific exceptions, is jurisdictional. In 2 Witkin, California Procedure (1954) Proceedings Without Trial, section 29, page 1667, it is noted: "The statute is *mandatory* and *jurisdictional*. In a case coming within its terms the court has no authority except to dismiss, and prohibition will lie to prevent it from trying the case." It is also said in the same portion of Mr. Witkin's work: "No exceptions have been recognized other than those specified in the statute." (See also *Cook* v. *Justice's Court,* 16 Cal.App.2d 745, 748 [61 P.2d 357]; *Davis* v. *Hart,* 123 Cal. 384 [55 P. 1060]; *Modoc Land etc. Co.* v. *Superior Court,* 128 Cal. 255 [60 P. 848]; *Ransome-Crummey Co.* v. *Wood,* 40 Cal.App. 355, 357 [180 P. 951]; *Sauer* v. *Superior Court,* 74 Cal.App. 580, 583 [241 P. 570]; *Kelly* v. *Ferbrache,* 119 Cal.App. 529 [6 P.2d 987]; *City of San Jose* v. *Wilcox,* 62 Cal.App.2d 224 [144 P.2d 636]; *Cahn* v. *Jones,* 101 Cal.App.2d 345 [225 P.2d 570]; *Palmer* v. *Superior Court,* 192 Cal.App.2d 302 [13 Cal.Rptr. 301]; *Lambert* v. *Raney,* 239 Cal.App.2d 659 [49 Cal.Rptr. 126].)

■ However, our Supreme Court considered the question whether there could be decisional exceptions to the enforcement of the section in addition to the express exceptions contained in it, in the case of *Wyoming Pacific Oil Co.* v. *Pres-*

*ton,* 50 Cal.2d 736, 740-741 [329 P.2d 489]; in that opinion, written by Mr. Justice Spence, an order granting a motion to dismiss the action was discussed and it is said: "... notwithstanding the mandatory language of section 581a, the trial court is vested with discretion in applying the exceptions comparable to the discretion with which it is vested in applying the exceptions to section 583." The latter section of the Code of Civil Procedure requires dismissal of actions not brought to trial within five years after filing. The opinion further states: "Each case must be decided on its own particular facts, and no fixed rule can be prescribed to guide the court in its exercise of this discretionary power under all circumstances."

These statements of principle constitute dictum in that they are not decisive of the case as the court's action there turns on one of the express exceptions contained in the code section, rather than on a decisional exception; however, these announcements are explicit and we note the viewpoint of the Second Appellate District, Division 3, in an opinion written by Mr. Justice Moss (*Flamer* v. *Superior Court,* 266 Cal. App.2d 907, 913 [72 Cal.Rptr. 561]), where it is said: "It has been suggested that the language in *Wyoming Pacific* equating sections 581a and 583 is dictum because the case actually fell within this express exception and, therefore, that it was not necessary to bring the case within an implied exception in order to reverse the order of dismissal. [Citations.] Even if we were to regard the language of the Supreme Court as dictum, we would still regard it as compelling here because the basis for the distinction theretofore drawn between sections 581a and 583 was apparently only a slight difference in the wording of the two sections, whereas the reasons advanced by the Supreme Court for construing the two sections in the same way are persuasive."

Furthermore, Witkin, in the 1967 Supplement to his California Procedure, Proceedings Without Trial, section 29, page 597, states with respect to the effect of the *Wyoming Pacific* case: "*Implied exceptions,* comparable to those developed in the construction of [Code of Civil Procedure] 583 . . . may now be recognized (*Wyoming Pac. Oil Co.* v. *Preston* (1958) 50 Cal.2d 736 [329 P.2d 489])." We accordingly affirm that in a proper case the courts of this state have discretion to recognize decisional or implied exceptions to the apparently stringent rule as provided in the *Wyoming Pacific Oil Co.* case, *supra.*

However, it appears to us that the trial court could not have reached any other conclusion than it did under the facts disclosed by the record. There is no indication that there is an implied or decisional exception which here is applicable to the stringent rule set forth in the code section. At all times during the three years the plaintiff had the right to serve the defendant, even when the latter was in an institution (*Olivera* v. *Grace,* 19 Cal.2d 570, 576 [122 P.2d 564, 140 A.L.R. 1328]; *Briggs* v. *Briggs,* 160 Cal.App.2d 312, 318 [325 P.2d 219]) and plaintiff thereafter could have secured the appointment of a guardian ad litem for the defendant if he was not able to do so himself (Code Civ. Proc., § 373; *Briggs* v. *Briggs, supra*). The three-year period for service and return of summons commenced to run on the filing of the original complaint, and the time for service and return was not extended because of an amended complaint. (*Perati* v. *Atkinson,* 230 Cal.App.2d 251, 253-254 [40 Cal.Rptr. 835].) An ideal opportunity to serve the defendant presented itself when counsel for the plaintiff actually took the deposition in Modesto of Dr. Herzer in the case of Kaufman v. Herzer within the three-year period. In our opinion, no showing of any kind was made in this proceeding to bring the defendant within any legitimate exception to the specifically worded rule set forth in the code section. There is nothing in the law that gives plaintiff's counsel the legal right to decide that it is impracticable or futile to serve the defendant within the period prescribed by law, when as a matter of law service could have been made. The decision of the trial court was sound in view of the facts established by the record.

The judgment is affirmed.

Stone, J., and Gargano, J., concurred.