[Civ. No. 40527. First Dist., Div. Two. Dec. 6, 1977.]

BETTE D. WOODRUFF, Plaintiff and Appellant, v.
McDONALD'S RESTAURANTS et al., Defendants and Respondents.

COUNSEL

Gross, Rose & Gross and Benton F. Gross for Plaintiff and Appellant.

Hoge, Fenton, Jones & Appell and John L. Hendry for Defendants and Respondents.

**OPINION**

**THE COURT.**\*—This is an appeal from a judgment of dismissal entered pursuant to Code of Civil Procedure section 581a on account of plaintiff's failure to return the summons within three years. The question presented is whether a stipulation entered into by plaintiff's attorney and a representative of defendant's insurance carrier, granting defendant an open extension of time in which to plead, constitutes a general appearance so as to preclude dismissal under section 581a.

On April 2, 1973, plaintiff filed a complaint for damages for personal injuries sustained in a fall on the premises of defendant, McDonald's Restaurants.

---

\*Before Taylor, P. J., Kane, J., and Rouse, J.

On April 25, 1973, the attorney for plaintiff and a representative of defendant's insurance carrier entered into a verbal agreement whereby defendant would have an open extension of time to plead, terminable on 15 days' notice. On May 2, 1973, a representative of defendant's insurance carrier confirmed this stipulation with a letter to plaintiff's attorney.

On July 13, 1976, plaintiff's attorney requested defendant to file its answer within 15 days. This request was directed to the insurance carrier. On July 29, 1976, defendant's attorney requested and received an additional 10 days in which to file a responsive pleading.

On August 9, 1976, defendant filed a motion to dismiss pursuant to Code of Civil Procedure section 581a. The trial court granted the motion and entered judgment in favor of defendants. Plaintiff now appeals.

Section 581a, subdivision (a), provides that upon a plaintiff's failure to return the summons within three years after commencement of the action the action shall be dismissed.[1] An exception is made where the defendant has made a general appearance in the action.

A written stipulation extending time in which to plead which discloses an intent to submit to the jurisdiction of the court constitutes a general appearance. (*General Ins. Co.* v. *Superior Court* (1975) 15 Cal.3d 449, 453 [124 Cal.Rptr. 745, 541 P.2d 289]; *Roth* v. *Superior Court* (1905) 147 Cal. 604 [82 P. 246]; *RCA Corp.* v. *Superior Court* (1975) 47 Cal.App.3d 1007 [121 Cal.Rptr. 441].)

This rule, however, applies to stipulations *between attorneys*. It cannot be applied in the present case where the stipulation was made by plaintiff's attorney and a representative of defendant's insurance carrier.

The record reflects that defendant, McDonald's Restaurants, is a corporation. As such, it had no authority to appear in the superior court

---

[1]Section 581a, subdivision (a), provides: "(a) No action heretofore or hereafter commenced by complaint shall be further prosecuted, and no further proceedings shall be had therein, and all actions heretofore or hereafter commenced shall be dismissed by the court in which the same shall have been commenced, on its own motion, or on the motion of any party interested therein, whether named as a party or not, unless the summons on the complaint is served and return made within three years after the commencement of said action, except where the parties have filed a stipulation in writing that the time may be extended or the party against whom the action is prosecuted has made a general appearance in the action."

except through a licensed attorney. (*Vann* v. *Shilleh* (1975) 54 Cal.App.3d 192, 199 [126 Cal.Rptr. 401]; *Pickett* v. *Municipal Court* (1967) 249 Cal.App.2d 844, 846 [58 Cal.Rptr. 24]; *Himmel* v. *City Council* (1959) 169 Cal.App.2d 97, 100-101 [336 P.2d 996]; *Paradise* v. *Nowlin* (1948) 86 Cal.App.2d 897 [195 P.2d 867]; cf. Code Civ. Proc., § 87.)

An insurance company is not entitled to practice law. (Bus. & Prof. Code, § 6125.) Were we to equate a stipulation by an insurance carrier with a stipulation by an attorney, we would in effect be condoning an unauthorized practice of law.

■ Consequently, we hold that the stipulation entered into between plaintiff's attorney and defendant's insurance carrier did not constitute a general appearance by the defendant. The motion to dismiss was properly granted.[2]

The judgment is affirmed.

---

[2]There are two judicially recognized exceptions to the mandatory provisions of section 581a: where return of the summons is impossible or would be futile, or where an act of the defendant has raised an estoppel. (*Busching* v. *Superior Court* (1974) 12 Cal.3d 44, 53 [115 Cal.Rptr. 241, 524 P.2d 369].)

Plaintiff herein made no assertions below that this case falls within either exception. In her closing brief, however, plaintiff raises the argument that the doctrine of estoppel should be applied because the insurance company's letter induced plaintiff to overlook return of the summons. (See *Tresway Aero, Inc.* v. *Superior Court* (1971) 5 Cal.3d 431, 436-442 [96 Cal.Rptr. 571, 487 P.2d 1211].) This argument cannot be considered as it was not raised in the court below. It was plaintiff's burden to establish an exception to the mandatory provisions of section 581a. (*Busching* v. *Superior Court, supra.*) In any event, the record does not disclose a basis for an estoppel. Plaintiff was represented by an attorney who must be presumed to know that section 581a required him to return the summons within the three-year period, a patently simple, ministerial act. The attorney's failure to file the requisite proof of service was caused by his mistaken belief that the stipulation extending time constituted a general appearance, and the conduct of the insurance company in no way lulled plaintiff into a false sense of security. (Cf. *Flamer* v. *Superior Court* (1968) 266 Cal.App.2d 907 [72 Cal.Rptr. 561].)