[Civ. No. 42701. First Dist., Div. Four. Apr. 12, 1978.]

VALERIE KNAPP, Petitioner, v.
THE SUPERIOR COURT OF SAN MATEO COUNTY, Respondent;
GARY MATTHEW SCHNELL, a Minor, etc., et al., Real Parties in Interest.

## COUNSEL

Richard B. Barrett, Larry D. Langley and James D. Biernat for Petitioner.

No appearance for Respondent.

Bruce A. Bailey for Real Parties in Interest.

## OPINION

**RAGAN, J.**\*—Valerie Knapp, defendant in a personal injury case, seeks a writ of mandate after respondent court denied her motion to dismiss the action pursuant to Code of Civil Procedure section 581a, subdivision (a),[1] on the ground that plaintiffs (real parties in interest herein) had failed to return the summons within three years.

### FACTS

Real parties filed the complaint on May 3, 1974, and served petitioner with summons and complaint on March 14, 1977. On April 25, 1977, their attorney and a representative of petitioner's insurance carrier agreed orally that petitioner would have an open extension of time to

---

\*Assigned by the Chairperson of the Judicial Council.

[1]Code of Civil Procedure section 581a, subdivision (a), provides as follows: "No action heretofore or hereafter commenced by complaint shall be further prosecuted, and no further proceedings shall be had therein, and all actions heretofore or hereafter commenced shall be dismissed by the court in which the same shall have been commenced, on its own motion, or on the motion of any party interested therein, whether named as a party or not, unless the summons on the complaint is served and return made within three years after the commencement of said action, except where the parties have filed a stipulation in writing that the time may be extended or the party against whom the action is prosecuted has made a general appearance in the action."

plead, terminable on 10 days' notice. On April 26, 1977, a representative of petitioner's insurance carrier confirmed this agreement in a letter to real parties' attorney. On August 2, 1977, real parties' attorney requested that petitioner file an answer within 10 days. Petitioner thereupon moved to dismiss the action on the ground that the summons had not been returned.

On September 19, 1977, respondent court denied petitioner's motion to dismiss pursuant to Code of Civil Procedure section 581a, subdivision (a), on the ground that the April 26, 1977, letter from petitioner's insurance carrier (1) was the equivalent of an appearance and (2) that it operated to estop petitioner from asserting to the contrary as a ground for dismissal of the action. The present proceeding followed.

## DISCUSSION

■ Since the summons was never returned and the three-year period allowed for its return had expired, the court was under the duty to dismiss the action unless one of the exceptions to the rule was established.

The recent case of *Woodruff* v. *McDonald's Restaurants* (1977) 75 Cal.App.3d 655 [142 Cal.Rptr. 367], applied a strict interpretation to the type of stipulation required to satisfy Code of Civil Procedure section 581a. That court acknowledged that a written stipulation extending time in which to plead which discloses an intent to submit to the jurisdiction of the court constitutes a general appearance, but held "This rule, however, applies to stipulations *between attorneys.*" (*Id.,* at p. 657, italics in original.)

The *Woodruff* limitation results in form prevailing over substance, which is not the tenor of the pertinent decisions. Section 581a was designed to encourage diligence in the prosecution of an action once it had been filed, but that policy of diligence is subordinate to the parties' own interests. (*General Ins. Co.* v. *Superior Court* (1975) 15 Cal.3d 449, 454 [124 Cal.Rptr. 745, 541 P.2d 289].) Prior judicial interpretation places emphasis on the mutual intent of the parties, rather than on the form of the stipulation. "A written agreement extending time to answer reflects mutual intent to defer the proceedings and must be enforced. It would be unconscionable to permit a plaintiff, after he had granted a defendant time to answer, to take default judgment during the extension. Expressly excusing the duty to answer, the agreement impliedly stays the power of

the plaintiff to take default. [¶] Having by the instant written agreement precluded plaintiff from taking a default judgment prior to expiration of the three-year period, petitioner may not now rely on plaintiff's failure to take default to obtain dismissal of the action." (*General Ins. Co.* v. *Superior Court, supra,* at p. 455, fn. omitted.)

In the present case, had real party taken a default judgment after executing the stipulation, it is inconceivable that a court would not have set it aside upon appropriate motion. It follows that petitioner may not now rely on real party's failure to take default as a basis for obtaining dismissal of the action.

To allow petitioner to prevail would defeat the spirit of the law enunciated on this particular point. " 'We are therefore of the view that notwithstanding the mandatory language of section 581a, the trial court is vested with discretion in applying the exceptions comparable to the discretion with which it is vested in applying the exceptions to section 583. As with the exercise of the court's other inherent and statutory powers to dismiss actions for want of diligence in either serving the summons or bringing the action to trial, *the discretion permitted must be "exercised in accordance with the spirit of the law and with a view of subserving, rather than defeating, the ends of substantial justice."* [Citation.]' " (*Tresway Aero, Inc.* v. *Superior Court* (1971) 5 Cal.3d 431, 437 [96 Cal.Rptr. 571, 487 P.2d 1211], italics added.)

" 'Each case must be decided on its own particular facts, and no fixed rule can be prescribed to guide the court in its exercise of this discretionary power under all circumstances.' " (*Smith* v. *Herzer* (1969) 270 Cal.App.2d 747, 751 [76 Cal.Rptr. 77], quoting from *Wyoming Pacific Oil Co.* v. *Preston* (1958) 50 Cal.2d 736, 740-741 [329 P.2d 489].)

Keeping in mind the import of "subserving, rather than defeating, the ends of substantial justice," we should take a realistic view of the customs and practices of plaintiffs' attorneys and insurance company claims adjusters. They cooperate in the interests of avoiding litigation, and in hopes of settling the case. We should recognize the reality that the claims adjuster is representing the insured's interests during certain stages of the proceedings. He is not representing the insured as a lawyer, but rather in a business sense. They have a substantially identical interest. Just as a party could personally sign a valid stipulation to extend time, so could her representative. Such a written stipulation satisfies the requirements of section 581a. It is utterly anomolous to deny the

insurance carrier any standing and to disparage its involvement in the case, as was impliedly done in *Woodruff,* and then to give it beneficial relief by dismissing the case against its insured.

■ Turning to the issue of estoppel, we must also recognize that there are decisional and implied exceptions to the mandatory language of section 581a. (*Smith* v. *Herzer, supra,* 270 Cal.App.2d 747, 751; *Flamer* v. *Superior Court* (1968) 266 Cal.App.2d 907, 917 [72 Cal.Rptr. 561]; *Wyoming Pacific Oil Co.* v. *Preston, supra,* 50 Cal.2d 736.) The *Woodruff* decision attempts to limit these exceptions through footnote dicta, but, as stated by the California Supreme Court, "We perceive no logical reason why the doctrine of estoppel should be so restricted. . . . When the defendant induces the plaintiff to delay service of summons, or to overlook errors in service, and the plaintiff's reliance is reasonable, an estoppel is essential to prevent the defendant from profiting from his deception." (*Tresway Aero, Inc.* v. *Superior Court, supra,* 5 Cal.3d 431, 439-440.) The *Tresway Aero* court went on to emphasize the duty of the trial court to examine all the acts and conduct of the parties and to render a discretionary decision with a view to furthering the ends of justice. (*Id.,* at p. 440.)

Applying the *Tresway Aero* test here, we perceive that the petitioner (through her representative) induced the real parties' attorney to overlook the return of service, by asking for the extension of time. In view of the well-known custom of the industry honoring such extensions, real parties' attorney's reliance was reasonable. The record supports the trial court's determination that an estoppel arose from the letter.

*Busching* v. *Superior Court* (1974) 12 Cal.3d 44 [115 Cal.Rptr. 241, 524 P.2d 369] is to be distinguished from the present case. There, service was made after the three-year period and the letter from the defendant equivocally acknowledged and questioned the service. In the instant case, it is clear that petitioner, through her representative, indicated her intention to submit to the jurisdiction of the court. This is established by the declaration of real parties' attorney,[2] which was before the trial court.

---

[2]The declaration states in pertinent part: "Declarant neglected to file the proof of service which is filed herewith and attached hereto because the conversation with Mr. Brown and the written stipulation forwarded by Mr. Brown and signed by Declarant indicated to Declarant that VALERIE KNAPP had agreed to enter a general appearance and would do so in the event that the case could not be settled. [¶] At no time was there any question raised or consideration given to whether or not VALERIE KNAPP would be within the jurisdiction of the court. The injury alleged occurred within the county of San Mateo, State of California; VALERIE KNAPP was served within the county of San

The alternative writ of mandate is discharged. The petition is denied.

Rattigan, Acting P. J., concurred.

**CHRISTIAN, J.**—I dissent.

The question is whether an informal agreement between real parties and the insurance carrier of petitioner (referred to in the April 26, 1977, letter of petitioner's insurance carrier), giving petitioner "an open extension of time with 10 days written notice to answer, demur or otherwise plead to the Summons and Complaint," brought into effect one of the exceptions to the general rule of dismissal of Code of Civil Procedure section 581a, subdivision (a).

One of these exceptions is where the defendant has made a general appearance. In *Woodruff* v. *McDonald's Restaurants* (1977) 75 Cal.App.3d 655 [142 Cal.Rptr. 367], a judgment of dismissal pursuant to section 581a, subdivision (a), was affirmed, the court holding that a written stipulation extending time in which to plead constitutes a general appearance only where the stipulation was entered into between attorneys. The contrary rule, preferred by the majority, does not seem so clearly correct as to justify creating a conflict of decisions.

Another exception may arise under the doctrine of estoppel. In regard to estoppel the *Woodruff* court stated, in footnote 2 of the opinion, as follows: ". . . plaintiff raises the argument that the doctrine of estoppel should be applied because the insurance company's letter induced plaintiff to overlook return of the summons. . . . Plaintiff was represented by an attorney who must be presumed to know that section 581a required him to return the summons within the three-year period, . . . The attorney's failure to file the requisite proof of service was caused by his mistaken belief that the stipulation extending time constituted a general appearance, and the conduct of the insurance company in no way lulled plaintiff into a false sense of security." (75 Cal.App.3d at p. 658; also see *Owen* v. *Niagara Machine & Tool Works* (1977) 68

Mateo, State of California by personal service and personal service was at no time questioned or challenged or an issue in this case. Jurisdiction of the court was at no time questioned or challenged or an issue in this case."

Cal.App.3d 566 [137 Cal.Rptr. 378].) Again, I am unwilling to create a conflict with prior decisions.

There are no additional facts in the present case which might be taken as giving rise to an estoppel. Since the April 26, 1977, letter of petitioner's insurance carrier was not a general appearance in the action and did not estop petitioner to take advantage of the statute, petitioner's motion to dismiss pursuant to Code of Civil Procedure section 581a, subdivision (a), should have been granted.

I would issue a writ accordingly.

A petition for a rehearing was denied May 12, 1978. Christian, J., was of the opinion that the petition should be granted. Petitioner's application for a hearing by the Supreme Court was denied June 22, 1978. Clark, J., Richardson, J., and Manuel, J., were of the opinion that the application should be granted.