[Civ. No. 48647. Second Dist., Div. Five. Jan. 10, 1977.]

GRACE GINNS, Plaintiff and Appellant, v.
LINCOLN W. SHUMATE, Defendant and Respondent.

**COUNSEL**

Grace Ginns, in pro. per., for Plaintiff and Appellant.

Horowitz, Howard & Bloom and Morton J. Bloom for Defendant and Respondent.

**OPINION**

**STEPHENS, Acting P. J.**—This appeal arises out of an order dismissing appellant's action as to respondent.

Plaintiff, Grace Ginns, commenced an action against defendant Dr. Lincoln Shumate and others on July 21, 1972. Following several

unsuccessful attempts to personally serve Dr. Shumate, plaintiff's process server left a copy of the summons and complaint with the secretary at Dr. Shumate's office on July 16, 1975. On the same day a copy of the summons and complaint was also mailed to Dr. Shumate.

On August 14, 1975, Dr. Shumate, by way of a special appearance, filed a motion to dismiss the action as to him. The motion alleged that he had not effectively been served within three years of the commencement of the action against him, pursuant to sections 581a and 415.20 of the Code of Civil Procedure. The court granted Dr. Shumate's motion and denied a subsequent motion for reconsideration made by the plaintiff. An order of dismissal was then entered, whereupon plaintiff filed the instant appeal.

The sole issue here raised relates to the effectiveness of service of summons and complaint and the return of such service within the statutory period of time.

Though more than one "service" was attempted and "returned" only that "service" made by one John L. Jones, on July 16, 1975, is relied upon by appellant.[1] The "return" of service was filed July 21, 1975.

Respondent argues: "That service, (July 16, 1975) according to law, was not effective until 10 days later on July 26, 1975. Therefore, no service of the Summons and return of that service was made within three years of the issuance of the Summons and the action must be dismissed as to the defendant Lincoln W. Shumate." We disagree with the conclusion reached in that argument.

Section 581a, subdivision (a) states: "No action heretofore or hereafter commenced by complaint shall be further prosecuted, and no further proceedings shall be had therein, and all actions heretofore or hereafter commenced shall be dismissed by the court in which the same shall have been commenced, on its own motion, or on the motion of any party interested therein, whether named as a party or not, unless the summons on the complaint is served and return made within three years after the

---

[1]In a declaration dated August 13, 1975, counsel for respondent states: "The original Summons in the within action was issued on July 21, 1972. The only effective service of Summons on defendant Lincoln W. Shumate, according to the sworn testimony of the plaintiff [appellant] took place on July 16, 1975 by delivering a copy to a secretary, at his office and mailing a copy to him on that date."

commencement of said action, except where the parties have filed a stipulation in writing that the time may be extended or the party against whom the action is prosecuted has made a general appearance in the action." There is no question but that the service (July 16, 1975) was made within the three-year period leaving its *effectiveness* aside. Likewise, the return of service was within that time period it having been filed on July 21, 1975.[2] Respondent's argument that the service was not *effective* until July 26, 1975, however, remains to be answered. The service here involved was of a substitute type as distinguished from personal service. The defendant was not personally served; a copy of the complaint and summons was left with a secretary in an attempt to comply with section 415.20 of the Code of Civil Procedure. That section provides: "(a) In lieu of personal delivery of a copy of the summons and of the complaint to the person to be served . . . a summons may be served by leaving a copy of the summons and of the complaint during usual office hours in his office with the person who is apparently in charge thereof, and by thereafter mailing a copy of the summons and of the complaint (by first-class mail, postage prepaid) to the person to be served at the place where a copy of the summons and of the complaint were left. Service of summons in this manner is deemed complete on the 10th day after such mailing."

 As we have noted, defendant equates the word "deemed" used in the quoted section with "effective." We do not so read the law. The two requirements of section 581a, subdivision (a) have been met, i.e., summons was *served* and the return *filed* in the office of the county clerk within the statutory time limit. (See *Highlands Inn, Inc.* v. *Gurries,* 276 Cal.App.2d 694, 697 [81 Cal.Rptr. 273].)

The 10-day period following proof of substituted service required by statute before service is *deemed* complete is simply a matter of grace to allow actual notice to be brought to defendant before the beginning of the period allowed for filing of an answer prior to default. Service is complete when all of the required acts are done. (See 72 C.J.S., Process, § 43, p. 1054, particularly fn. 74; *Colonial Discount Co.* v. *Martel* (Sup.) 73 N.Y.S.2d 8.) In the instant case, all of the required acts to accomplish

---

[2] Section 12 of the Code of Civil Procedure provides: "The time in which any act provided by law is to be done is computed by excluding the first day, and including the last, unless the last day is a holiday, and then it is also excluded." The filing of the return on the third anniversary date of the issuance of summons was timely. (*Wixted* v. *Fletcher,* 192 Cal.App.2d 706 [13 Cal.Rptr. 734].)

the service and return were done within the three-year period and only a portion of the grace period extended beyond that limit.[3]

In conclusion, we note that some objection is made as to the completeness of the return. We have examined the document carefully and see no fatal flaw which cannot readily be corrected by amended return or testimony as to service. See "Comment-Judicial Council" under section 417.10 of the Code of Civil Procedure as set forth in West's Annotated Code: "Consequently, if the process is in correct form, properly issued and served, and the proof of service is timely filed with the clerk, a defective affidavit will not destroy jurisdiction; the court may permit an amendment of the affidavit to conform to the facts."

Judgment of dismissal is reversed.

Ashby, J., and Hastings, J., concurred.

---

[3]We have examined each of the cases cited by respondent and find them not to be in conflict with this conclusion.