[Civ. No. 53924. Second Dist., Div. Four. Apr. 12, 1979.]

ESTHERANNE BILLINGS, Plaintiff and Appellant, v.
JOHN EDWARDS et al., Defendants and Respondents.

## Counsel

Moriarity & Tepper and John L. Moriarity for Plaintiff and Appellant.

Revere, Citron & Wallace and Barry Zalma for Defendants and Respondents.

## Opinion

**KINGSLEY, Acting P. J.**—Plaintiff appeals from an order under section 581a of the Code of Civil Procedure dismissing her complaint as against respondent defendants for failure to serve and return summons within three years.

I

The complaint was filed and summons issued on October 8, 1974. In November 1974 after a phone conversation with a representative of the defendants' insurance carrier, plaintiff's counsel by letter granted an

open extension to "answer or otherwise plead." Plaintiff contends that that stipulation amounted to a general appearance sufficient to bring her within the exception to section 581a. We need not here pass on the conflict between *Woodruff* v. *McDonald's Restaurants* (1977) 75 Cal.App.3d 655 [142 Cal.Rptr. 367], which held that a stipulation must have been between attorneys to have the effect of a general appearance, and *Knapp* v. *Superior Court* (1978) 79 Cal.App.3d 799 [145 Cal.Rptr. 154], because the stipulation herein involved would have been ineffective even had it been entered into between attorneys. In *Owen* v. *Niagara Machine & Tool Works* (1977) 68 Cal.App.3d 566 [137 Cal.Rptr. 378] we held that, although a stipulation giving time to *answer* avoided the effect of section 581a, a stipulation to "plead" had no such effect. In that case we said (at pp. 569-570): "Whatever plaintiff's counsel may have thought that defendant's counsel intended ultimately to do, he had no basis, on an agreement merely to 'plead' to assume that defendant desired or intended anything more than time to determine on a course of action. . . ." That language is equally applicable here.

## II

When, on September 23, 1977, plaintiff's counsel became aware that the defendants would contest the efficacy of the stipulation, they commenced efforts to effect service. Being unable to effect personal service, they elected to follow section 415.20 of the Code of Civil Procedure, for service on defendants John and Kenny Edwards. Section 415.20 provides:

"(a) In lieu of personal delivery of a copy of the summons and of the complaint to the person to be served as specified in Section 416.10, 416.20, 416.30, 416.40, or 416.50, a summons may be served by leaving a copy of the summons and of the complaint during usual office hours in his office with the person who is apparently in charge thereof, and by thereafter mailing a copy of the summons and of the complaint (by first-class mail, postage prepaid) to the person to be served at the place where a copy of the summons and of the complaint were left. Service of a summons in this manner is deemed complete on the 10th day after such mailing.

"(b) If a copy of the summons and of the complaint cannot with reasonable diligence be personally delivered to the person to be served as specified in Section 416.60, 416.70, 416.80, or 416.90, a summons may be served by leaving a copy of the summons and of the complaint at such

person's dwelling house, usual place of abode, or usual place of business in the presence of a competent member of the household or a person apparently in charge of his office or place of business, at least 18 years of age, who shall be informed of the content thereof, and by thereafter mailing a copy of the summons and of the complaint (by first-class mail, postage prepaid) to the person to be served at the place where a copy of the summons and of the complaint were left. Service of a summons in this manner is deemed complete on the 10th day after such mailing."

■ Copies of the summons and complaint were not mailed until October 5, 1977. Since, under the last sentence of section 415.20, service was not "complete" until ten days after mailing, service was not effected until October 15, 1977—seven days after the three-year period of section 581a had run. Plaintiff relies on the holding in *Ginns* v. *Shumate* (1977) 65 Cal.App.3d 802 [135 Cal.Rptr. 604], that section 415.20 is complied with if the papers are mailed and a return made within the three-year period even though that service is not "complete" until after the period has run. To that contention, defendant's answer that the returns made on October 6, 1977, were defective in that "they did not state, with specificity, what individual or entity was being served; the method of service; nor that the requirements for mailing had been complied with." We have examined the returns involved in these two services. They show service on John Edwards and Kenny Edwards; that service was made by leaving a copy with "Bud Roberts, Supervisor"; the address where served; and a declaration of mailing in the exact words of the section. As in *Ginns,* we can see in those two returns no fatal flaw. We conclude that service on John and Kenny was properly effected within the three-year period.

### III

Service was purportedly made on the corporate defendants under section 416.10 of the Code of Civil Procedure. That section provides, in pertinent part, as follows: "(b) To the president or other head of the corporation, a vice president, a secretary or assistant secretary, a treasurer or assistant treasurer, a general manager, or a person authorized by the corporation to receive service of process." ■ It is not contended that the service (made on Oct. 4) was untimely nor that return was not made (on Oct. 6, 1977) within the three-year period, nor that Bud Roberts, on whom actual service was made, was not a person on whom such service could be made under the statute. The attack on those services is only that the returns show service on "John Edwards Pest Control" rather than on "Edwards and Son Pest Control," the actual corporate name of the

defendant and on "Bryant Exterminators," rather than on "Bryant Exterminating Co," the fictitious name under which that defendant did business.[1] We conclude that that objection is without merit. It is admitted that copies of the summons and complaint were actually received by the officers of the corporations involved. The returns used the same names as those set forth in the summons and complaint; the minor variances in nomenclature misled no one. As is said by Mr. Witkin (2 Witkin, Cal. Procedure (2d ed. 1971) Actions, § 595, p. 1405): "The complaint sometimes designates a defendant by a name *misspelled* or otherwise *erroneous* (see Pleading, § 363), and this mistake may be carried into the summons. However, if the service is otherwise properly made, and the person served is aware that he is the person named as a defendant in the erroneous manner, jurisdiction is obtained. . . ." (Italics in original.) In any event, the minor variances were of the nature which could be, should have been permitted to be, corrected by an amended return. (*Ginns* v. *Shumate, supra,* 65 Cal.App.3d 802, at p. 806.)

The judgment (order of dismissal) is reversed.

Alarcon, J., concurred.

**JEFFERSON (Bernard), J.**—I concur in the judgment.

I agree with the majority in its reversal of the trial court's order of dismissal, but I do not reach the two grounds relied upon by the majority for its holding. In part II of the majority opinion, the majority holds that the plaintiff effected substituted service—a good nonpersonal delivery service of the summons and complaint upon the natural defendants, pursuant to Code of Civil Procedure section 415.20. In part III of the majority opinion, the majority holds that plaintiff effected a good service of the summons and complaint on the corporate defendant pursuant to Code of Civil Procedure section 416.10.

---

[1] If we understand it, defendants contend that, since investigation would have disclosed that "Bryant Exterminator Co." was a fictitious name under which a corporation named "J & K Pest Control, Inc." did business, the summons should have been used that corporate name and service should have been made on it in that name. We reject that contention. The cases discussing the pleading of fictitious names all relate to names, such as Doe I, which clearly are not names under which a defendant does business. But where a person or corporation elects to follow the statutory procedure of section 17900 et seq. of the Business and Professions Code, it has held itself out to those with whom it does business as having adopted that name for all business purposes. Notice to it under that name is all that the law requires.

I do not reach the question of whether plaintiff effected a good service of summons and complaint on all defendants under Code of Civil Procedure sections 415.20 and 416.10 as set forth in parts II and III of the majority opinion. I place my concurrence with the majority's decision reversing the trial court's order of dismissal on the ground discussed and rejected in part I of the majority opinion.

In part I of the majority opinion, the majority rejects the plaintiff's contention that a stipulation entered into by the parties granting defendants an open extension to "answer or otherwise plead" constituted a general appearance sufficient to bring her within the statutory exception to section 581a of the Code of Civil Procedure. The majority relies upon *Owen v. Niagara Machine & Tool Works* (1977) 68 Cal.App.3d 566 [137 Cal.Rptr. 378], in which the court held that while a stipulation giving defendant an extension of time to *answer* avoided the effect of Code of Civil Procedure section 581a, a stipulation to extend time to defendant to *plead* had no such effect.

I dissented in the *Owen* case and am still of the opinion that the majority's decision in *Owen* is subject to criticism. However, I do not simply rely upon my dissenting opinion in *Owen* for the purposes of the case at bench. It is my view that the stipulation entered into between the parties in the case at bench, together with the defendants' subsequent attempts to avoid service, create an estoppel to preclude defendants from obtaining a dismissal under Code of Civil Procedure section 581a. In my view the stipulation which the parties entered into in the case at bench is substantially different from the stipulation found in *Owen* so that *Owen* does not govern the case at bench.

I view the stipulation and surrounding circumstances in the case at bench as falling within the decisional law principles which have created a nonstatutory exception to the mandatory provision for dismissal set forth in Code of Civil Procedure section 581a.

The nonstatutory exception created by the decisional law to the section 581a requirements, is phrased in terms of an *estoppel* to preclude a defendant from obtaining a dismissal under section 581a. In *Tresway Aero, Inc. v. Superior Court* (1971) 5 Cal.3d 431, 437-438 [96 Cal.Rptr. 571, 487 P.2d 1211], the court defined the estoppel doctrine in this language: "This doctrine affirms that 'a person may not lull another into a false sense of security by conduct causing the latter to forebear to do something which he otherwise would have done and then take advantage

of the inaction caused by his own conduct.' [Citations.]" The *Tresway* court set forth the justification for the creation of the nonstatutory defense of estoppel by observing: "[R]ecognition of the doctrine of estoppel is essential if section 581a is to be applied ' "with a view of subserving, rather than defeating, the ends of substantial justice." ' [Citation.]" (*Id.,* at p. 438.)

In the case at bench, at the request of a representative of the defendants' insurance carrier, plaintiff's counsel granted by letter an open extension to defendants to "answer or otherwise plead."

This stipulation is not simply a grant to defendants of additional time "to plead." The addition of the language to *"answer"* to the language —"otherwise plead"—should mandate a different result in considering the estoppel doctrine.

I fully recognize that in *Busching* v. *Superior Court* (1974) 12 Cal.3d 44 [115 Cal.Rptr. 241, 524 P.2d 369], the court made clear that a plaintiff's consent to a defendant's request for an extension of time "in which to answer or otherwise plead" could not be considered a *general appearance* to avoid application of the *mandatory* dismissal provisions of Code of Civil Procedure section 581a. But the *Busching* court was explicit in stating that this holding had reference solely to the statutory exception set forth in section 581a and *not* to the exceptions which the decisional law had created.

In *Carruth* v. *Fritch* (1950) 36 Cal.2d 426 [224 P.2d 702, 24 A.L.R.2d 1403], which dealt with the estoppel principle as applied to the statute of limitations, the court stated that " '[o]ne cannot justly or equitably lull his adversary into a false sense of security, and thereby cause his adversary to subject his claim to the bar of the statute of limitations, and then be permitted to plead the very delay caused by his course of conduct as a defense to the action when brought.' " (*Carruth, supra,* 36 Cal.2d 426, 433.)

I consider that the estoppel doctrine that was found applicable in *Tresway* is clearly established in the case at bench. By requesting an extension of time "to *answer* or otherwise plead," defendants' conduct lulled plaintiff into a false sense of security which prevented plaintiff from effecting personal service upon the individual defendants and ultimately caused plaintiff to seek substituted service pursuant to Code of Civil Procedure section 415.20, even though it may be reasoned that a

stipulation for extension of time "to plead" should not lull a plaintiff into a false sense of security because "pleading" may well take the form of an attack upon the jurisdiction of the court. But in obtaining an extension of time to "answer" as well as to "plead," a plaintiff is entitled to believe that defendant intends to make a general appearance in the absence of some glaring situation which poses an issue such as lack of jurisdiction. No such glaring situation is presented here.

I deem it an irrelevant consideration as to whether plaintiff properly served defendants pursuant to the statutory provisions of Code of Civil Procedure sections 415.20 and 416.10. I would hold that the defendants' request and receipt of an extension of time "to answer" is not rendered defective under the decisional law estoppel exception to Code of Civil Procedure section 581a by the additional consent from plaintiff for the defendants to "otherwise plead."

I would thus reverse the trial court's order of dismissal on the sole ground that defendants became estopped from relying upon the mandatory dismissal provisions of section 581a by obtaining from plaintiff the open-ended extension of time "to answer or otherwise plead."