**REPUBLIC WESTERN INSURANCE COMPANY, an Arizona Corporation dba Oxford Property and Casualty Insurance Company, Plaintiff,**

v.

**INTERNATIONAL INSURANCE COMPANY, et al., Defendants.**

No. C 91-20138 JW.

United States District Court, N.D. California.

May 29, 1991.

John N. Frye, Sam Zaif, Laura Jackson, Kornblum, Ferry & Frye, San Francisco, Cal., for First State Ins. Co.

Randy Sklaver, Dryden, Margolis, Schimaneck, Hartman & Kelly, San Francisco, Cal., for Motor Vehicle Cas. Co. Century Indem. Co.

Carol Rohwer, Cyril & Crowley, San Francisco, Cal., for Highland Ins. Co.

David Tartaglio, Musick, Peeler & Garnett, Los Angeles, Cal., for International Ins. Co.

James T. Hendrick, James A. Riddle, Thelen, Marrin, Johnson & Bridges, San Francisco, Cal., for Industrial Indem.

Paul Walker, Popelka, Allard, McCowan & Jones, San Jose, Cal., for CIGNA Property & Cas. Ins. Co. CIGNA Fire Underwriters Ins. Co.

## ORDER DENYING PLAINTIFF'S MOTION TO REMAND

WARE, District Judge.

### I. *INTRODUCTION*

Plaintiff Republic Western Insurance Company, dba Oxford Property & Casualty Insurance Company ("Oxford") moves the Court, pursuant to 28 U.S.C. § 1447(c), for an order remanding this action to superior court on the ground that the presence of a "local" defendant defeats removal jurisdiction. Defendant First State Insurance Company ("First State"), the party which removed the instant case to federal court, argues that the case was properly removed under 28 U.S.C. § 1441(b) because Industrial Indemnity Company, a citizen of California, (and, therefore, a "local" defendant) had not been served at the time that First State filed its removal petition.[1] Good cause appearing therefor, plaintiff's motion to remand is hereby DENIED.

### II. *BACKGROUND*

On February 25, 1991, Oxford filed a complaint against eight insurance companies in Santa Clara County Superior Court.

---

1. First State submits its brief individually, and on behalf of all defendants. The following defendants filed individual joinders in opposition to remand: Highland Insurance Company; CIG-NA Property and Casualty Company and CIGNA Fire Underwriters Insurance Company; Century Indemnity Company; and Industrial Indemnity Company.

On March 15, 1991, First State removed this action to federal court. At the time that First State filed its notice of removal, no other defendant had been served. It is undisputed that *complete diversity* of citizenship exists as no defendant in the action has the same citizenship as the plaintiff. *See* Notice of Removal, attached as Exhibit A to First State's Memorandum. Plaintiff is an Arizona corporation, with its principal place of business of Phoenix, Arizona. Defendant First State is a Delaware corporation, with its principal place of business in Boston, Massachusetts. Defendant Industrial Indemnity Company is a California corporation, with its principal place of business in San Francisco, California. Industrial Indemnity had *not* been served at the time First State removed this action.

## III. *DISCUSSION*

 Federal courts have original jurisdiction over cases in which there is complete diversity of citizenship. 28 U.S.C. § 1332. Complete diversity of citizenship exists as no defendant in this action has the same citizenship as the plaintiff. There is a major limitation on removal jurisdiction in diversity cases: Even if there is complete diversity, removal is allowed only if "none of the parties in interest properly *joined* and *served* as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b) (emphasis added); *see* Hon. W. Schwarzer, Hon. A. Tashima, J. Wagstaffe, *Federal Civil Procedure Before Trial* ¶¶ 2:625. Once any "local" defendant (a citizen of the forum state) has been served, the action cannot be removed by that defendant, or by any other defendant. 28 U.S.C. § 1441(b); Schwarzer, et al., *supra,* ¶ 2:626. Conversely, "a resident defendant who has not been served may be ignored in determining removability." 14A C. Wright, A. Miller, E. Cooper, *Federal Practice and Procedure* § 3723 at 341 (2d ed. 1985); *see Windac Corp. v. Clarke,* 530 F.Supp. 812, 813 (D.Nebraska 1982) (when a defendant has not been served, citizenship in the forum state does not defeat removal jurisdiction); Schwarzer, et al., *su-*

*pra,* ¶ 2:626.1. Because Industrial Indemnity had not yet been served at the time that First State filed its removal petition, the language of § 1441(b) mandates the finding that this case was properly removed.

Plaintiff's citation to *Pullman Co. v. Jenkins,* 305 U.S. 534, 59 S.Ct. 347, 83 L.Ed. 334 (1939) and its progeny [2] is inapposite. *Pullman* stands for the proposition that the presence of a nondiverse, unserved defendant will destroy removability unless that party is dismissed from the action. The *Pullman* line of cases is inapplicable to the instant case because here complete diversity between the parties exists.

 Plaintiff also asserts that the removal was technically flawed because not all defendants joined in the Petition for Removal. The law of this circuit, however, is that defendants upon whom service has not been effected at the time the notice is filed, need not join the notice of removal. *Salveson v. Western States Bankcard Ass'n,* 731 F.2d 1423, 1429 (9th Cir.1984). In the present case, the only defendant which had been served on the date of filing of the notice of removal was First State, the party which removed the action.

## IV. *CONCLUSION*

Based on the foregoing, plaintiff's motion to remand the instant action is DENIED. Plaintiff's motion for attorney's fees pursuant to 28 U.S.C. § 1447(c) is consequently DENIED.

IT IS SO ORDERED.

---

**2.** *Morris, Inc. v. Vitek,* 412 F.2d 1174 (9th Cir. 1969); *Preaseau v. Prudential Ins. Co. of Am.,* 591 F.2d 74 (9th Cir.1979); *Pecherski v. General Motors Corp.,* 636 F.2d 1156 (8th Cir.1981).