CUCCI

v.

**EDWARDS, et al.**

and

**Powerwave Technologies, Inc.**

**No. SACV 07532 PSG MLGX.**

United States District Court,
C.D. California.

Aug. 2, 2007.

---

Rebert S. Green of Green Welling LLP, San Francisco, for Plaintiff.

Seth Aronson, Amy J. Longo, and Abby C. Schwartz of O'Melveny & Myers LLP, Los Angeles, CA, for Defendant.

PHILIP S. GUTIERREZ, District Judge.

**Proceedings: (In Chambers) Order Denying Plaintiff's Motion to Remand**

Before this Court is Plaintiff's Motion to Remand. The Court finds the matter appropriate without oral argument. Fed. R.Civ.P. 78; L.R. 7–15. Accordingly, the hearing set for July 30, 2007 was taken under submission and off calendar. After a full consideration of the submitted pleadings, the Court now DENIES Plaintiff's Motion.

## I. BACKGROUND

Roberto A. Cucci ("Plaintiff") filed this shareholder's derivative action on May 2, 2007 in Orange County Superior Court against Defendants Bruce C. Edwards, Ronald J. Buschur, John L. Clendenin, Daniel A. Artusi, David L. George, Eugene L. Goda, Carl W. Neun, Mikael R. Gottschlich, Andrew J. Sukawaty, Does 1–20, and Powerwave Technologies, Inc. ("Powerwave") as a nominal defendant (collectively "Defendants").

The Complaint alleges that Plaintiff is a citizen of New York. (Compl.¶ 5). Defendant Daniel A. Artusi is a Texas resident who became a member of Powerwave's Board of Directors in December 2002, and served at all relevant times on the Company's Audit Committee and Nominating and Corporate Governance Committee. (Defs.' Opp'n 5; Compl. ¶ 10). Powerwave is a Delaware corporation with its principal place of business in California. (Compl.¶ 6). No other Defendant is a citizen of New York. (*See* Compendium of Defendants' Declarations).

Plaintiff's complaint alleges multiple state law violations by the Defendants, including breach of fiduciary duty, abuse of control, gross mismanagement, waste of corporate assets, unjust enrichment, and contravention of California Corporation Code §§ 25402, 25403, and 25502.5. Plaintiff prays for relief and judgment against the Defendants and in favor of Powerwave for, *inter alia*, the amount of damages sustained by the Company as a result of the Defendants' improper actions, as well as for reasonable attorneys' fees and costs. (Compl.¶ A, D).

On May 7, 2007, Plaintiff attempted to serve Powerwave by personally serving Mark Skaist, Powerwave's authorized agent. (Mot. to Remand 4; *Id.*, Ex. A; *see* Skaist Dec. ¶ 2); *see* Cal.Civ.Proc.Code § 416.10. As a substitute, the complaint and summons were left with Skaist's assistant, Rhonda Orchid. (Mot. to Remand, Ex. A). Copies of the complaint and summons were later mailed to Skaist on May 9, 2007. (Mot. to Remand, Ex. A; Defs.' Opp'n 3). The papers were also mailed to each of the individual Defendants on May 27, 2007, along with a Notice and Acknowledgment of Receipt. (Mot. to Remand, Ex. 2). Plaintiff alleges that service for the individual Defendants was accepted on May 27, 2007. (Mot. to Remand 1). Defendants adamantly dispute this allegation. (Defs.' Opp'n 7).

On May 10, 2007, Defendant Artusi removed this action to district court on the basis of diversity of citizenship. Plaintiff now contends that the removal was improper under 28 U.S.C. § 1441(b) and moves to remand this action to Superior Court and for an award of attorneys' fees and costs pursuant to 28 U.S.C. § 1447(c).

## II. *DISCUSSION*

### A. *Motion to Remand*

#### 1. *Service Upon Powerware*

■ Federal district courts have original jurisdiction over cases between citizens of different states. *See* 28 U.S.C. § 1332(a). A defendant or defendants to such an action filed in a State court may have the action removed to the district courts of the United States provided that "none of the parties in interest properly joined and *served* as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b) (emphasis added). Conversely, "a resident defendant who has not been served may be ignored in determining removability." 14A Charles A. Wright, Arthur R. Miller and Edward H. Cooper, *Federal Practice and Procedure* § 3723 (2d ed.1985). The district court must remand a case where diversity jurisdiction is absent if the action does not also raise a federal question. *See* 28 U.S.C. § 1447(c).

■ The defendant has the burden of proving that the requisite jurisdiction exists to support removal. *Gaus v. Miles*, 980 F.2d 564, 566 (9th Cir.1992). When a case is removed to federal court, there is a strong presumption against federal jurisdiction. *Id.* Therefore, if there is any doubt as to the existence of federal jurisdiction, the matter should be remanded. *Id.* at 565.

Plaintiff claims that Powerwave, a citizen of both Delaware and California, was served with process on May 7, 2007 through its service upon Mark Skaist, the Company's authorized agent.[1] Since Powerwave was "properly joined and served" as a local defendant when Defendant Daniel Artusi filed for removal, Plaintiff argues, removal was improper. (Mot. to Remand 4); *see* 28 U.S.C. § 1441(b). Defendants challenge this crucial fact and maintain that service upon Powerwave was not complete and effective until May 19, 2007, well after removal. (Defs.' Opp'n 2).

■ Plaintiff's own papers show that he did not personally serve Skaist on May 7, 2007. Thus, service upon Powerwave could not have been effective on that date. Rather, Plaintiff attempted substituted service by leaving the summons and complaint with Skaist's assistant. Substituted service, however, is not deemed complete until 10 days after the plaintiff mails a copy of the summons and complaint to the defendant's authorized agent. Cal.Civ. Proc.Code § 415.20(a)[2]; *Billings v. Edwards*, 91 Cal.App.3d 826, 830, 154 Cal. Rptr. 453 (1979) ("Copies of the summons and complaint were not mailed until October 5, 1977. Since, under the last sentence of section 415.20, service was not 'complete' until ten days after mailing, service

---

1. "A summons may be served on a corporation by delivering a copy of the summons and complaint.... [t]o the person designated as agent for service of process...." Cal.Civ. Proc.Code § 416.10.

2. "In lieu of personal delivery of a copy of the summons and complaint ... a summons may be served by leaving a copy of the summons and complaint during usual office hours in his or her office ... and by thereafter mailing a copy of the summons and complaint ... to the person to be served .... Service of a summons in this manner is deemed complete on the 10th day after the mailing."

was not effected until October 15, 1977."). Since the summons and complaint were mailed to Powerwave's authorized agent on May 9, 2007, service could not have been complete on Powerwave until May 19, 2007, after Defendant Artusi filed for removal. Thus, the § 1441(b) prohibition against removal did not apply, and Defendant's removal was proper.

Plaintiff, citing *Ginns v. Shumate*, 65 Cal.App.3d 802, 805, 135 Cal.Rptr. 604 (1977), insists that the purpose of the 10–day period set forth in § 415.20 "is merely to allow actual notice of the service before the period for filing an answer begins to run." (*See* Pl.'s Reply 1). Plaintiff thus contends it made effective substituted service before the filing of removal on May 10, 2007. The Court disagrees.

In *Ginns*, the plaintiff commenced her action against the defendant on July 21, 1972. *Ginns* at 803, 135 Cal.Rptr. 604. After several unsuccessful attempts to serve the defendant personally, plaintiff's process server left a copy of the summons and complaint with the secretary at defendant's office on July 16, 1975, and mailed another set to the defendant on the same day. *Id.* Return of service was filed on July 21, 1975. On August 14, 1975, the defendant filed a motion to dismiss the action, alleging that he had not effectively been served within three years of the commencement of the action against him, pursuant to California Code of Civil Procedure §§ 581(a) [3] and 415.20. *Id.* The trial court dismissed the case.

On appeal, the defendant argued that service was not effective until 10 days after the mailing, on July 26, 1975. The Court of Appeal disagreed and held that service was complete because the two requirements of § 581(a) had been met, "i.e., summons was *served* and the return *filed* in the office of the county clerk within the [three-year] statutory time limit." *Id.* at 805, 135 Cal.Rptr. 604 (emphasis in original).[4] The 10–day period following mailing was "simply a matter of grace to allow actual notice to be brought to the defendant before the beginning of the period allowed for filing of an answer prior to default." *Id.*

In *Ginns*, the court interpreted § 415.20 in the context of a possible § 581(a) mandatory dismissal, an extreme action. Here, on the other hand, the context is a motion to remand, and the Court's determination of the issue leads not to dismissal, but simply to a change of forum from state to federal court. A comparison to *Ginns*, therefore, is inappropriate. See Robert I. Weil, et al., *California Practice Guide: Civil Procedure Before Trial*, § 4:221 (The Rutter Group 2007) ("*For dismissal purposes only)*, when substitute service is utilized, the defendant is deemed 'served' when the physical delivery and

---

**3.** Cal.Civ.Proc.Code § 581(a), now codified at Cal.Civ.Proc.Code § 583.250, states the following: "(a) If service is not made in an action within the time prescribed in this article: (1) The action shall not be further prosecuted and no further proceedings shall be held in the action, (2) The action shall be dismissed by the court on its own motion or on motion of any person interested in the action, whether named as a party or not, after notice to the parties; (b) The requirements of this article are mandatory and are not subject to extension, excuse, or exception except as expressly provided by statute." Cal.Civ.Proc.

Code § 583.210 mandates that the summons and complaint be served upon a defendant within three years after the action is commenced against the defendant.

**4.** "The 10–day period following proof of substituted service required by statute before service is *deemed* complete is simply a matter of grace to allow actual notice to be brought to defendant before the beginning of the period allowed for filing of an answer prior to default. Service is complete when all of the acts are done."

mailing requirements are completed—rather than 10 days later. (This avoids mandatory dismissal where the 3–year statute runs just after mailing.)" (citing *Ginns,* 65 Cal.App.3d at 805, 135 Cal.Rptr. 604) (emphasis added).

### 2. *Rule of Joinder*

■ Plaintiff also argues that removal is precluded because "all defendants must join in removal and the failure of one defendant to join in the notice precludes removal." (Mot. to Remand 5); *see Hewitt v. City of Stanton,* 798 F.2d 1230, 1232–1233 (9th Cir.1986). However, the Ninth Circuit has interpreted this "rule" of joinder to not apply when the defendants who do not join in the removal have not been served in the state action. *Salveson v. Western States Bankcard Ass'n,* 731 F.2d 1423, 1429 (9th Cir.1984) ("Our circuit rule is that a party not served need not be joined.").

■ Because Powerwave was not properly served by the date of removal, and service to the other Defendants was only mailed on May 29, 2007,[5] the non-joinder of the other Defendants in the removal notice is irrelevant. Furthermore, even if a served defendant does not properly join in the notice of removal, such a defect can be remedied if the defendant later consents to . the removal. *See Parrino v. FHP, Inc.,* 146 F.3d 699, 703 (9th Cir. 1998). All Defendants have filed declarations expressing consent to the removal. Therefore, the rule of joinder does not apply. (*See* Compendium of Defendants' Declarations).

### 3. *Other Defendants Who Are Citizens of California*

■ In the alternative, Plaintiff argues that removal should be deemed improper even if Powerwave had not been properly served prior to removal "as there are numerous other *named* and necessary defendants, who are citizens of California and local to the forum, whom Plaintiff has no intention of voluntarily dismissing from the case." (Mot. to Remand 7). In fact, Plaintiff claims, service upon the local defendants was made prior to the filing of the Motion to Remand. (*Id.,* Ex. B). As support for his case, Plaintiff cites *Pullman Co. v. Jenkins,* 305 U.S. 534, 59 S.Ct. 347, 83 L.Ed. 334 (1939). (*Id.*).

Plaintiff's reliance on *Pullman* is misplaced. In *Pullman,* the Supreme Court stated that a nondiverse defendant who has not been served defeats removal jurisdiction because complete diversity does not exist. *Pullman,* at 541, 59 S.Ct. 347; *See Republic Western Ins. Co. v. Int'l Ins. Co.,* 765 F.Supp. 628, 629 (N.D.Cal.1991). However, *Pullman* is irrelevant where, as here, there is complete diversity between Plaintiff and each of the Defendants. *Republic,* 765 F.Supp. at 629.

> Plaintiff's citation to [*Pullman* ] and its progeny is inapposite. *Pullman* stands for the proposition that the presence of a nondiverse, unserved defendant will destroy removability unless that party is dismissed from the action. The *Pullman* line of cases is inapplicable to the instant case because here complete diversity between the parties exists.

---

**5.** Plaintiff's Motion states that he mailed the individual Defendants a Notice and Acknowledgment of Receipt under Cal.Civ.Proc.Code § 415.30(c). Under this provision, service by mail is "deemed complete on the date a written acknowledgment of receipt of summons is executed, if such acknowledgment thereafter is returned to sender." Cal.Civ.Proc.Code § 415.30(c). However, since Defendants did not sign and return the summons to Plaintiff on the same day that Plaintiff mailed the summons to them, Defendants were not served on May 29th. (Defs.' Opp'n 7 n. 6).

*Id.* Complete diversity exists here since Plaintiff is a New York citizen and no other Defendant is a citizen of New York. Thus, *Pullman* does not apply, and removal was proper.[6]

### 4. Amount in Controversy

■ Any civil action may be removed to federal district court so long as original jurisdiction would lie in the court to which the case is removed. 28 U.S.C. § 1441(a). Jurisdiction founded on 28 U.S.C. § 1332 requires that the parties be in complete diversity and the amount in controversy exceed $75,000. *Matheson v. Progressive Specialty Ins. Co.,* 319 F.3d 1089, 1090 (9th Cir.2003). Where it is not facially evident from the complaint that more than $75,000 is in controversy, the removing party must prove, by a preponderance of the evidence, that the amount in controversy meets the jurisdictional threshold. *Id.* Conclusory allegations as to the amount in controversy are insufficient. *Id.*

■ In determining whether the removing party has met its burden, the court may examine facts in the complaint and evidence submitted by the parties. *Reilly v. State Farm Mut. Automotive Ins. Co.,* No. C 05–02855 MHP, 2005 WL 2334343, at *2, 2005 U.S. Dist. LEXIS 43134, at *5 (N.D.Cal. Sept. 23, 2005). The court may also require the parties to submit "summary-judgment-type evidence" relevant to the amount in controversy. *Id.* The jurisdictional minimum may be satisfied by claims for special and general damages, attorneys' fees and punitive damages. *Id.* Where doubt regarding the right to removal exists, a case should be remanded to state court. *Matheson,* 319 F.3d at 1090.

■ Plaintiff contends that Defendant Artusi has not met his burden of proving that the amount in controversy meets or exceeds the jurisdictional threshold. In a purported derivative action such as this, "plaintiffs' possible recovery is not the measure of the amount involved for jurisdictional purposes; [rather] the test is the damage asserted to have been sustained by the defendant corporation." *Koster v. (American) Lumbermens Mut. Casualty Co.,* 330 U.S. 518, 523, 67 S.Ct. 828, 831, 91 L.Ed. 1067 (1947). Although the complaint does not on its face state a claim for damages, it is clear from the allegations in the complaint that the alleged amount in controversy, calculated as the damages suffered by Powerware, exceeds $75,000.

Plaintiff's complaint seeks, *inter alia,* "restitution from the Individual Defendants, and each of them, disgorgement of all profits, benefits and other compensation obtained by these Defendants." (Compl.¶ 137(C)). A significant portion of the "profits, benefits, and compensation" that Plaintiff seeks result from Defendants Buschur, Gottschlich, and Edwards allegedly trading Powerware securities while in possession of "materially false and misleading information," illegally profiting by and causing damages to Powerwave in the amount of $17,560,463. (*Id.* ¶ 55). Since Plaintiff seeks disgorgement of over $17 million from the individual Defendants, his complaint clearly alleges that the amount in controversy exceeds $75,000. Thus, Defendant Artusi has met his burden of proving that the amount in controversy exceeds the jurisdictional barrier.

---

**6.** The "no-local-defendant" limitation of § 1441(b) creates strategy possibilities for both parties. William W. Schwarzer, et al., *California Practice Guide: Federal Civil Procedure Before Trial* 2:638 (The Rutter Group 2007) ("Whenever there is diversity of citizenship between plaintiff and defendant, and plaintiff wants to file in state court, it is a good idea to join and serve a *local* codefendant wherever possible.) (However, such joinder cannot be 'sham' or 'motivated *solely* for the purpose of defeating diversity.')"

### B. *Attorneys' Fees and Costs*

■ "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). In *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 126 S.Ct. 704, 163 L.Ed.2d 547 (2005), the Supreme Court ruled that the standard for awarding fees should turn on the reasonableness of the removal. "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Id.* at 141, 126 S.Ct. 704. In applying this rule, district courts retain discretion to consider whether unusual circumstances warrant a departure from the rule in a given case. *Id.*

Since the Court has already determined that removal was proper, the Court denies any request for attorneys' fees and costs.

### C. *Local Rule 7–3*

■ Under Local Rule 7–3, a party contemplating the filing of any motion must first meet and confer with opposing counsel to discuss thoroughly the substance of the contemplated motion and any potential resolution. Plaintiff did not attempt to contact Defendants prior to filing this motion to remand. (Defs.' Opp'n 2.) Thus, the Court may deny Plaintiff's motion on this basis alone.

### III. *CONCLUSION*

For the foregoing reasons, the Court hereby DENIES Plaintiff's Motion to Remand.

**IT IS SO ORDERED.**